449 P.2d 651

**J. SEAL, Plaintiff and Appellant,**

v.

**Leslie LEFEVRE et al., Defendants and Respondents.**

**No. 11307.**

Supreme Court of Utah.

Jan. 22, 1969.

Harold A. Ranquist, David A. Goodwill, Salt Lake City, for plaintiff and appellant.

Olsen & Chamberlain, Ken Chamberlain, Richfield, for defendants and respondents.

HENRIOD, Justice:

Appeal from a summary judgment of no cause of action. Affirmed. No costs awarded.

Employment of the discovery process under the rules, the pleadings, affidavits, interrogatories, etc., fairly reflect the following:

That a local attorney, assignor of the plaintiff, was employed by some cattlemen and representatives of cattlemen's associations to settle a dispute with the Bureau of Land Management having to do with grazing privileges common to many other cattlemen in the area. He and his clients agreed on a plan for payment of his fee by circulating a request to *all* of the cattlemen notifying them of pending litigation between his clients and the Bureau, suggesting there was a problem of concern to all and requesting each to attend some meetings and pay to such clients a sum according to the extent of each one's grazing privileges, to be turned over to the attorney to aid in paying his fee, and defray expenses of litigation. The people who represented the *cattle associations* already

had *promised* to pay the fee. They said they would call on their members to contribute to the fund. There is nothing whatever reflected in the record to the effect that any of the 60 defendants at any time made any promise to pay anyone anything or to comply with any request made by the associations on printed cards sent out to the cattlemen reading as follows:

Dated ———.

I ——————, will attend the meeting at Escalante upon notice. I am in favor of the Association participating in the cost of preparation and presentation of the appeals involving issues common to all livestockmen and will stand my pro rata share of the costs of 10¢ per total A. U. M. Yes——— No———.

Signed —————, Address —————.

There is nothing in the record indicating that even one of the defendants returned any such card to any of the associations.

Plaintiff urges that summary judgment was not appropriate, and that there was a question of fact with respect to 1) an express promise, or 2) an implied promise based on a benefit that accrued to each defendant by settlement of litigation, in which only plaintiff's assignor's clients were particeps,—not any of defendants.

As to the urgence there was an express promise, the pleadings, etc., affirmatively indicate that no defendant promised the association's attorney anything. At best, according to the record it might be, arguendo, a promise to pay something to a litigant to assist the latter with some undetermined expenses of a pending lawsuit, in which event the litigant's lawyer would have no direct action against the defendants.

We express no opinion as to plaintiff's rights against others not named as defendants in the complaint filed May 10, 1967. We do express the opinion from statements reflected in the record, that the lawyer employed by the associations apparently did a good job of protecting his client's rights, asked no excessive fee for his work, and in good conscience should be compensated by someone somehow,—but we are satisfied that the discovery process employed produced facts that only negatived any right of recovery under the cause of action as espoused in the pleadings.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.